FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-CR-00194-SAB-1 |
| Plaintiff, | ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION |
| v. | |
| ROY OCHOA, | ECF No. 52 |
| Defendant. | |

On Friday, October 6, 2023, the Court conducted a hearing on the United States' Motion for Detention (ECF No. 52). Defendant was represented by Assistant Federal Defender Juliana Van Wingerden. Assistant United States Attorney Thomas Hanlon represented the United States.

The Court has considered the Petition (ECF No. 49), the information provided to the parties by United States Probation/Pretrial Services, and the arguments of counsel.

ORDER - 1

"[Federal Rule of Criminal Procedure] 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d). Under that Rule, the Court may release or detain a defendant pursuant to 18 U.S.C. § 3143(a), pending further proceedings. Fed. R. Crim. P. 32.1(a)(6).[1] Under that statute, such a defendant shall be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1). If the judicial officer makes such a finding, the defendant shall be released pursuant to 18 U.S.C. § 3142(b) or (c). *Id*. This burden of clear and convincing evidence lies with the defendant. Fed. R. Crim. P. 32.1(a)(6); *see United States v. Loya*, 23 F.3d 1529, 1530 (9th Cir. 1994).

The United States contended that if released, Defendant would present a risk of flight. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required.

This Court has also taken into account the nature and circumstances of

---

[1] Had Defendant previously appeared before this Court on alleged violations of supervised release, and had this Court imposed its own conditions of continued release pending revocation, the decision on detention would instead be governed by the provisions of 18 U.S.C. § 3148.

ORDER - 2

conviction,[2] the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

The Court notes that Defendant is alleged to have absconded from supervision from September 12, 2023, to the time of his arrest—a period just shy of one month. This period of abscondence presents the Court with a profound concern as to Defendant's risk of flight. This concern is only compounded by the United States Probation/Pretrial Services assertion that state charges for robbery involving Defendant have been referred for prosecution. Based on this record, the Court does not believe Defendant can meet his burden as to clear and convincing evidence that he will not flee. However, the Court is conscious of the fact that there may be underlying substance abuse issues and would hear a motion to reopen

---

[2] While 18 U.S.C. § 3143(a)(1) directs the Court to consider release conditions under 18 U.S.C. § 3142(c), this statute contemplates an offense charged, which is inapposite in the context of supervised release.

ORDER - 3

detention following proper evaluation and the presentation of an appropriate release plan.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 52**) is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court.

2. Defendant shall be committed to the custody of the Attorney General pending disposition of this case or until further order of the Court. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

3. Any motion to reopen the issue of detention because of material and newly discovered circumstances shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party,

ORDER - 4

after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

    4.    If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel. LCrR 46(k)(1). The party shall then promptly file a motion for review before the assigned District Judge. LCrR 46(k)(3). If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge. *Id.*

ORDER - 5

5.     Defendant is bound over to Judge Stanley A. Bastian for further proceedings.

**IT IS SO ORDERED.**

DATED October 6, 2023.



                                   _____
                                   ALEXANDER C. EKSTROM
                                   UNITED STATES MAGISTRATE JUDGE

ORDER - 6